UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Kevin Edward Chorazyczewski**
   *Plaintiff,*

v

**Costco Wholesale Corporation**
   *Defendant.*
_____/

Frank G. Becker (P25502)
Attorney for Plaintiff
18501 West Ten Mile Road
Southfield, MI  48075
(248) 789-2437
Fax: (248) 569-6925
frankgbecker@yahoo.com
_____/

# COMPLAINT

  NOW COMES the above named Plaintiff, **Kevin Edward Chorazyczewski**, by and through counsel, Frank G. Becker, and complains against the Defendant, **Costco Wholesale Corporation** as follows:

  1.  The Plaintiff is currently incarcerated in the Carson City Correctional Facility in County of Montcalm, State of Michigan and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars. Plaintiff's residence is in Oakland County Michigan.

1

2.      The events to which this action relates occurred on March 4, 2011 at approximately 5:00 pm the Defendant's store located at 2343 S. Telegraph Road Bloomfield Hills, Michigan 48302, which is within this judicial district. This Court has jurisdiction of this cause under and by virtue of the diversity of citizenship (28 USC §1332) existing between the Parties,

3.      The Plaintiff, during this period of time, was suffering from a severe drug problem and entered the above-described Defendant's store for the purpose of shoplifting.  The Defendant, by and through its agents and employees, were familiar with the Plaintiff from previous experiences and observed him, via surveillance, removing an item of merchandise from its box and placing it on his person, which demonstrated Plaintiff's attempt to permanently deprive the Defendant of the merchandise, which completed the larceny.

4.      The Bloomfield Township Police Department had been summoned by Defendant's employees as the Plaintiff was within the store and were in position to apprehend Plaintiff as Plaintiff proceeded to walk toward the exit. However, employees of the Defendant were waiting for the Plaintiff in the exit vestibule area, where these employees knew there was no working camera.

5.       As the Plaintiff entered the exit vestibule area, employees of the Defendant were laying in wait and, without identifying themselves, warning Plaintiff

or providing Plaintiff an opportunity to surrender, these Defendant employees viciously set upon and brutally attacked the overwhelmed Plaintiff and forcibly thrust the Plaintiff head first into the floor.

6.  The Plaintiff was simply attempting to flee as he exited the store and the Defendant's employees used totally excessive and unnecessary force against him, without affording Plaintiff an opportunity to surrender.

7.  The actions of the Defendant's agents and/or employees were within the scope of their authority were acting under their perception to protect, further and promote the Defendant's business and the Defendant is, therefore, liable for their actions pursuant to the doctrine of *respondeat superior*.

8.  The Defendant's employees and agents, who used force against the Plaintiff or who were directing the use of force, included managerial and supervisory employees, who had been afforded a great deal of discretion by Defendant and the Defendant is held accountable for their actions during and at the time of their employment and for those employees and agents, who followed the directions of Defendant's managerial and supervisory employees.

9.  The above-described conduct of the Defendant's employees and agents placed the Plaintiff in reasonable apprehension of physical contacts while the Defendant's employees and agents had the apparent present ability to effectuate the contact.

3

10. The Defendant's employees and agents then made repeated unconsented contacts with Plaintiff as stated above.

11. As a direct and proximate result of the assault and battery perpetrated by Defendant's employees and agents and attributable to the Defendant, the Plaintiff suffered severe and permanent injuries including traumatic brain injury, head trauma, head laceration and permanent scarring, headaches, loss of consciousness, memory problems, loss of concentration, mood swings, nervousness, pain and suffering, mental anguish, fright and shock, denial of social pleasure and enjoyments, nervousness, sleeplessness, medical expenses, loss of wages and loss of future earnings capacity.

WHEREFORE, Plaintiff, Kevin Edward Chorazyczewski, respectfully requests an award of damages against Defendants in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs and attorney fees.

## COUNT II
### (NEGLIGENCE AGAINST DEFENDANT)

12. Plaintiff repeats and re-alleges Count I of this Complaint as if fully set forth herein.

4

13. At all times relevant hereto, the Defendant had a duty to Plaintiff, to act reasonably, consistent with the common law and statutes of the State of Michigan.

14. The Defendant, independently and acting through their employees and agents, violated this duty of care and were negligent in the following manner, stated by way of example and not limitation:

   a. Negligently supervising employees.
   b. Negligently training employees.
   c. Failure to establish and sufficiently publish sufficient rules and protocols for the conduct of their personnel with regard to the use of force to apprehend shoplifters.
   d. Negligently using excessive force by throwing Plaintiff head first into the floor.
   e. Allowing persons to use force who had no training for such use of force.
   f. Failure to instruct employees and agents as to the legal limitations of force.
   g. Failing to adhere to the legal limitations of his actions, including abstaining from violent behavior.
   h. Failure to properly select employees.
   i. Failure to properly monitor employees.
   j. Failing to properly discipline and reprimand employees engaging in past wrongful behavior.
   k. Failing to properly control its premises and provide competent security personnel

15. As a direct and proximate result of the aforementioned negligence attributable to Defendant, Plaintiff suffered the injuries and damages stated in Count I of this Complaint.

WHEREFORE, Plaintiff, Kevin Edward Chorazyczewski, respectfully requests an award of damages against Defendants in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs and attorney fees.

Respectfully submitted,

/S/ Frank G. Becker
_____
Frank G. Becker (P25502)
Attorney for Plaintiff
18501 W. Ten Mile Rd
Southfield, MI 48075
(248) 789-2437
frankgbecker@yahoo.com

Dated: March 3, 20113