UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kevin Chorazyczewski,

     Plaintiff,

v.                            Case No. 13-10861

Costco Wholesale Corporation,      Sean F. Cox
                                        United States District Court Judge

     Defendant.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

As Plaintiff was fleeing a Costco retail store after stealing a television, he was

apprehended by Defendant's employees and claims that he sustained personal injuries. Plaintiff

was convicted of unarmed robbery and admits that he stole the television on the date of the

incident and was attempting to flee the store. Plaintiff is currently serving a prison term of ten to

thirty years for his crime. Nevertheless, Plaintiff filed this action against Costco, asserting

assault and battery and negligence claims. The matter is currently before the Court on

Defendant's Motion for Summary Judgment. The Court finds that the issues have been

adequately presented in the parties' briefs and that oral argument would not aid the decisional

process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court

therefore orders that the motion will be decided upon the briefs. As explained below, the Court

shall GRANT Defendant's Motion for Summary Judgment because Plaintiff's claims against

Costco are barred by Michigan's wrongful-conduct rule.

## BACKGROUND

Plaintiff Kevin Edward Chorazyczewski ("Plaintiff") filed this action against Defendant Costco Wholesale Corporation ("Defendant" or "Costco") on March 3, 2013.  His original Complaint asserted two counts: 1) assault and battery (not labeled as Count I but appearing first); and 2) negligence (labeled as Count II).

On March 21, 2013, and in response to a jurisdictional Show Cause Order issued by this Court, Plaintiff filed a First Amended Complaint on March 21, 2013.  Plaintiff's First Amended Complaint asserts the same two counts against Costco; it did not add any claims or defendants.

Following the close of discovery, Defendant  filed the pending Motion for Summary Judgment

The following facts can be gleaned by the evidence submitted by the parties, taken in the light most favorable to Plaintiff, the non-moving party.

On March 4, 2011, Plaintiff went to Defendant Costco's Bloomfield Hills store with the intent to steal electronic merchandise that he could then sell to his drug[1] dealers.  (Pl.'s Dep. at 40-43 & 51).

Plaintiff had previously stolen some "Bloggie" cameras from that Costco store on two other occasions.  (Pl.'s Dep. at 41). On those prior occasions, Plaintiff was able to use a box cutter with a razorblade to cut them out of their containers and then steal them.  (Pl.'s Dep. at 41-42).

Plaintiff entered the Costco store on March 3, 2011, once again armed with a box cutter.

---

[1]At the time, Plaintiff had a drug problem with both heroin and cocaine.  (Pl.'s Dep. at 43).

2

(Pl.'s Dep. at 53).  Plaintiff was unable to get the cameras out of the packages this time,

however, even with the box cutter.  (*Id*).  So Plaintiff abandoned the idea of stealing cameras and

decided to steal a small television instead.  (*Id*.).  Plaintiff picked up a television and concealed it

inside his coat and started towards the exit of the store.  (Pl.'s Dep. at 53-54).  Plaintiff alleges

that while he was "attempting to flee" the store with the stolen television he was stopped by

Costco's employees.  (First. Am. Compl. at ¶ 6).  Plaintiff testified as follows:

> Q.    Okay.  Then what happened next?
> A.    Well, I went to walk out, and as soon as I walked out there was a man
>       coming at me, and I flinched, put my arms up to cover my face from being
>       hit, and the next thing you know I was getting swung all over the place.
>       And I woke up and the ambulance was there treating me, and the cops
>       were there.

(Pl.'s Dep. at 54).[2]

Thereafter, Plaintiff was charged with: 1) armed robbery, in violation of Mich. Comp.

Laws § 750.529; and 2) unarmed robbery, in violation of Mich. Comp. Laws § 750.530.  (Ex. C

to Def.'s Br.).

Following a jury trial, Plaintiff "was convicted of unarmed robbery, MCL 750.530.  He

was sentenced as a habitual offender, third offense, MCL 769.11, to 10 years and 9 months to 30

years' imprisonment."  *People v. Chorazyczewski*, 2012 WL 4800139 (Mich. App. Oct. 9, 2012).

Thus, Plaintiff was convicted of feloniously taking the property of another, "by force or violence

---

[2]During the course of this action, Plaintiff's Counsel filed, as an Exhibit, a disk
containing video footage that was apparently taken in the store that day.  However, Plaintiff's
Counsel has not identified any specific portions of the video that would be relevant to the issues
before the Court and it is difficult to see much of anything on the video.  Plaintiff's Counsel
claims that the video "demonstrates that Defendant [sic] was immediately set upon as he exited
the store [and] confirms that no identification or announcement of purpose was made" prior to
apprehension of Plaintiff by Costco's employees.  (Pl.'s Br. at 10-11).  Having viewed the video,
it does not alter the Court's analysis or conclusion.

or assault or putting in fear," while unarmed.  *Id.* at *2.  Plaintiff is currently serving his lengthy

sentence.

## ANALYSIS

As both parties recognize in their briefs, the substantive law of Michigan governs this

diversity case.  *See, e.g., United States v. Anderson County, Tenn.,* 761 F.2d 1169, 1173 (6th Cir.

1985).

Defendant's Motion for Summary asks the Court to dismiss both counts of Plaintiff's

First Amended Complaint on several bases.  The Court need not consider them all because, as

explained below, the Court agrees with Defendant that this action is barred by Michigan's

wrongful-conduct rule.

The wrongful-conduct rule is a common law doctrine that precludes a plaintiff from

maintaining an action that is based in whole or in part on the plaintiff's wrongful conduct.  *Orzel

v. Scott Drug Co.*, 449 Mich. 550, 558 (1995); *Stolicker v. Kohl's Dep't Stores, Inc.*, 2012 WL

676391at *1 (Mich. App. 2012).  "Michigan courts have long recognized the existence of the

wrongful-conduct rule."  *Orzel*, 449 Mich. at 558-59.

"The rationale that Michigan courts have used to support the wrongful-conduct rule are

rooted in the public policy that courts should not lend their aid to a plaintiff who founded his

cause of action on his own illegal conduct."  *Orzel*, 449 Mich. at 559 (citations omitted).  The

Michigan Supreme Court has explained that rationale as follows:

> If courts chose to regularly give their aid under such circumstances, several
> unacceptable consequences would result.  First, by making relief potentially
> available for wrongdoers, courts in effect would condone and encourage illegal
> conduct.  *Radikopf* at 89, 228 N.W.2d 386.  Second, some wrongdoers would be
> able to receive a profit or compensation as a result of their illegal acts.  Third, and
> related to the two previously mentioned results, the public would view the legal

4

> system as a mockery of justice.  Fourth, and finally, wrongdoers would be able to
> shift much of the responsibility for their illegal acts to other parties.  As stated by
> the Court of Appeals, where the plaintiff has engaged in illegal conduct, it should
> be the "plaintiff's own criminal responsibility which is determinative." *Glazier* at
> 221, 429 N.W.2d 857.

*Orzel,* 449 Mich. at 559-60.

"The mere fact that a plaintiff engaged in illegal conduct at the time of his injury does not mean that his claim is automatically barred under the wrongful-conduct rule.  To implicate the wrongful-conduct rule, the plaintiff's conduct must be prohibited or almost entirely prohibited under a penal or criminal statute." *Orzel,* 449 Mich. at 561.  So, for example, cases in which the wrongful-conduct rule has been applied include cases involving: an illegal lottery, trespass and illegal gambling, an illegal contract, murder, and arson.  *Orzel, supra* (citing cases).  Notably, cases in which the wrongful-conduct rule has been found to apply also include shoplifting. *Stolicker, supra*; *see also Tucker v. Meijer, Inc.,* 2005 WL 1048502 at * 6 n.10 (Mich. App. 2005).

"In contrast, where the plaintiff's illegal act only amounts to a violation of a safety statute, such as traffic and speed laws or requirements for a safe work place, the plaintiff's act, while illegal, does not rise to the level of serious misconduct sufficient to bar a cause of action by application of the wrongful-conduct rule." *Orzel,* 449 Mich. at 561.

"Another important limitation under the wrongful-conduct rule involves causation.  For the wrongful-conduct rule to apply, a sufficient causal nexus must exist between the plaintiff's illegal conduct and the plaintiff's asserted damages." *Orzel*, 449 Mich. at 564.  Thus, [p]roper application of the rule requires consideration of proximate cause: 'the wrongful conduct rule only applies if a plaintiff's wrongful conduct is a proximate cause of his injuries.'" *Stolicker,*

*supra* (quoting *Orzel, supra*). "In other words, a plaintiff who has engaged in a wrongful act may be able to recover if the wrongful act was a 'remote link in the chain of causation.'" *Id.*

Here, Plaintiff's illegal conduct is of the type that warrants application of the wrongful-conduct rule. By his own admission, Plaintiff had stolen merchandise from this store on two prior occasions and on March 4, 2011 Plaintiff: entered the Costco store with the intent of stealing merchandise, used a box cutter to attempt to steal cameras, decided to steal a television, concealed the television inside his coat, and attempted to flee the store with the stolen television. Moreover, Plaintiff was convicted of unarmed robbery and therefore was convicted of feloniously taking the property of another, "by force or violence or assault or putting in fear," while unarmed. *Id.* at *2. *People v. Chorazyczewski*, 2012 WL 4800139 (Mich. App. Oct. 9, 2012). Thus, Plaintiff's crime was even more serious than shoplifting – which was been found to be a serious crime that warranted the application of the wrongful-conduct rule in *Stolicker* and *Tucker.*

Accordingly, as was the case in *Stolicker*, the only potential factual issue that could preclude summary judgment in Costco's favor is whether Plaintiff's crime was a proximate cause of his injuries. *Stolicker, supra*, at *1.

In order to assess whether Plaintiff's wrongful conduct was a proximate cause of his injuries, this Court must determine whether his act of robbery contributed to a chain of events that led to his injuries. *Id.* The record evidence before this Court establishes that the robbery contributed to the events that led to Plaintiff's injuries. That is, Plaintiff's robbery "set in motion the chain of events that led to [his] injuries. Consequently, plaintiff's wrongful conduct was a proximate cause of [his] injuries," and this action is barred by the wrongful conduct rule.

6

*Stolicker, supra*, at *2.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Summary

Judgment is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

<u>S/Sean F. Cox                              </u>
Sean F. Cox
United States District Judge

Dated:  July 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2014, by electronic and/or ordinary mail.

<u>S/Jennifer McCoy                    </u>
Case Manager

7