UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kevin Edward Chorazyczewski,

    Plaintiff,

v.                                        Case No. 13-10861

Costco Wholesale Corporation,        Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

Plaintiff Kevin Edward Chorazyczewski ("Plaintiff") filed this civil action against Defendant Costco Wholesale Corporation ("Defendant" or "Costco") after he was apprehended by one of its employees as he attempted to leave one of its stores with stolen merchandise. The matter is back, following remand, for the Court (not a jury) to determine if the force used by Costco's employees was reasonable under the circumstances, such that Plaintiff's claims are barred under Michigan law.

As agreed to by the parties, this Court held an evidentiary hearing on October 27, 2016, on the limited use-of-force issue so that the Court could make credibility determinations and make a ruling. As explained below, having held that evidentiary hearing and considered all relevant evidence presented to the Court, this Court finds that the amount of force used by Costco's employees on the date of the incident, including the force used by Earl Alexander, was reasonable under the circumstances. That is, the Court finds that Alexander and the other Costco employees used a degree of force that a reasonable person would believe to have been appropriate to prevent or respond to Plaintiff's commission of a felony on March 4, 2011.

Accordingly, this Court shall dismiss this action with prejudice, pursuant to Mich. Comp. Laws § 600.2955b(2)(b).

## BACKGROUND

Plaintiff filed this action against Costco on March 3, 2013. Plaintiff's First Amended Complaint (D.E. No. 6) asserts assault and battery and negligence under Michigan law.

Following the close of discovery, this Court granted Costco's Motion for Summary Judgment in an Opinion & Order issued on July 29, 2014, concluding that Plaintiff's claims are barred by Michigan's wrongful-conduct rule. Plaintiff appealed.

In an unpublished opinion issued on October 2, 2015, the Sixth Circuit reversed and remanded the case for further proceedings. *Chorazyczewski v. Costco*, 627 F. A'ppx 515 (6th Cir. 2015). The Sixth Circuit concluded that in granting summary judgment in favor of Costco, this Court did not engage in a complete analysis of whether the wrongful conduct doctrine applies, stating:

> Here, the district court did not engage in a complete analysis of whether the wrongful conduct doctrine applies. The court simply found that Plaintiff's criminal act—unarmed robbery—was a serious crime and that the crime was a proximate cause of his injuries. The court did not consider whether Costco's actions were more culpable than Plaintiff's conduct. Because Plaintiff argued that Costco used unreasonable force (and therefore its conduct was more culpable than his own), and because this is a way that a complainant can avoid the wrongful conduct bar, the district court's failure to make a finding on this issue was erroneous.
>
> Plaintiff also argues that the judicially-created wrongful conduct doctrine has been abrogated by the Michigan legislature. He points to a statute which explicitly provides that a merchant can be held liable in a civil action for assault and battery if the plaintiff establishes that the force used by the merchant was unreasonable. *See* Mich. Comp. Laws § 600.2917(1). The Michigan Court of Appeals is the only judicial body to have addressed this issue and, in a divided opinion, the court held that § 600.2917(1) only applies if the plaintiff's cause of action is not barred by the wrongful conduct rule. *See, e.g., Stolicker v. Kohl's*

2

> *Dep't Stores, Inc.*, 2012 WL 676391, at *2 (Mich.Ct. App. March 1, 2012). Because it is an open question whether the wrongful conduct rule remains in force, we find it prudent to address whether Plaintiff can maintain his cause of action under Michigan statutory law. *See Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 624 (6th Cir. 2008) (explaining that decisions of a state's highest court are binding, while those of an intermediary appellate court are merely persuasive).
>
> To prevail against Costco on his assault and battery claim, Plaintiff must establish that the force employed was unreasonable. *See* Mich. Comp. Laws §§ 600.2955b(1), (2)(b). In a suit of this nature, it is the province of the court—not a jury—to determine whether the force used was reasonable under the circumstances. *Id*. at § 600.2955b(2)(b). The law provides that the court "shall dismiss" the plaintiff's action with prejudice if "the court finds that the particular defendant ... [u]sed a degree of force that a reasonable person would believe to have been appropriate to prevent or respond to the commission of a felony." *Id.* at §§ 600.2955b(1), (2)(b). In making this inquiry, the court "shall not consider the fact that the defendant may not have known that the plaintiff's actions or attempted actions would be the commission of a felony." *Id*. at 600.2955b(2)(b).
>
> We leave it to the district court to make the reasonableness determination in the first instance. We note that it is within the district court's discretion to reopen discovery to allow the parties to submit additional evidence concerning the circumstances of the alleged assault and the injuries Plaintiff allegedly suffered as a result. Although there is video surveillance footage, part of the encounter takes place off-camera. Additional deposition testimony, Plaintiff's medical records, and any written reports made by Costco or the police may shed light on the amount of force used to apprehend Plaintiff, and thus might assist the district court in making the reasonableness determination.

*Chorazyczewski v. Costco Wholesale Corp.*, 627 F. App'x 515, 517-18 (6th Cir. 2015).

Following remand, this Court held a status conference with the parties. As suggested by the Sixth Circuit, the Court allowed the parties to re-open discovery, as to the issue of whether the force used was reasonable under the circumstances. The Order Upon Remand (D.E. No. 48) also allowed the parties to file new dispositive motions, by April 30, 2016.

Defendant Costco filed a Motion for Summary Judgment on April 27, 2016. (D.E. No. 49). Costco argued that it is entitled to summary judgment as to Plaintiffs' claims because: 1)

3

the amount of force used by Costco's employees was reasonable under the circumstances and that the entire action should therefore be dismissed, pursuant to Mich. Comp. Laws § 600.2955b; and 2) Plaintiff's negligence count should also be dismissed for lack of any evidence that would support a negligence claim.

In response, Plaintiff acknowledged that the analysis under the statute governs and applies to both counts. (D.E. No. 52 at Pg ID 568). Plaintiff further asserted there was conflicting evidence as to the issue and requested that the Court "set this matter for a Hearing pursuant to the Court of Appeals Decision for a reasonableness determination." (*Id*. at Pg ID 569).

After the parties had fully briefed Defendant Costco's summary judgment motion, the Court held a hearing on September 1, 2016. At the conclusion of the hearing, this Court advised the parties that, in light of conflicting testimony from witnesses, the Court would make its ruling on the issue of whether the force used was reasonable under the circumstances after conducting an evidentiary hearing, during which the Court would make credibility determinations. Both parties agreed to that procedure. (*See* 9/1/16 Hrg. Tr.; 10/27/16 Hrg. Tr.).

The Court scheduled the evidentiary hearing for October 27, 2016. Both parties filed witness lists and exhibit lists prior to the hearing.

At the evidentiary hearing, the following witnesses testified: 1) Bloomfield Township Police Officer Joseph Monti; 2) Bloomfield Township Police Officer Anthony Woycehoski; 3) Costco employee Miguel Reyes; 4) Costco employee James Hord; 5) Costco employee Erik Herrin; 6) Costco employee Steven Schook; and 7) Plaintiff.

In addition, because two witnesses were unavailable to testify at the evidentiary hearing,

the Court allowed: 1) Defendant to admit the transcript of criminal trial testimony of former Costco employee Earl Alexander, who is now deceased; and 2) Plaintiff to admit the deposition transcript of Gary Ledsinger, a witness who testified in this action, that Plaintiff's Counsel was unable to locate prior to the evidentiary hearing.

The parties also admitted a number of other exhibits, including surveillance videos from the store from date of the incident, photographs, medical records, and an emergency medical services report.

With the exception of Plaintiff and Gary Ledsinger, the Court found the witnesses to be credible.

Simply stated, Ledsinger's testimony was not credible and was blatantly contradicted by the video evidence of the incident.

Plaintiff's testimony was also not credible. Plaintiff gave conflicting testimony about the incident and Plaintiff's testimony was also contradicted by the video evidence of the incident. In addition, Plaintiff testified that he remembers very little of the incident and is unaware of how his injuries occurred on the date of the incident.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After consideration of the facts stipulated to by the parties, and consideration of the testimony and exhibits presented at the evidentiary hearing, drawing inferences as appropriate, weighing the evidence and assessing the credibility of the witnesses, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The incident that forms the basis of Plaintiff's claims occurred on March 4, 2011.

Plaintiff was twenty-one years old at that time.

On March 4, 2011, Plaintiff went to the Bloomfield Hills Costco warehouse store with the intent of stealing electronic merchandise and to sell the same for drugs to his drug dealer. Plaintiff had used heroin that day.

The Costco store at issue is located in Bloomfield Township, Michigan. Plaintiff's friend, Gary Ledsinger, drove him to the store.

Plaintiff had been to that same Costco warehouse store on two prior occasions, March 2, 2011, and March 3, 2011, and stole some Sony Bloggie cameras each time. Plaintiff was able to leave the store on both of those occasions without being stopped by Costco employees. When Plaintiff stole the Sony Bloggie cameras on those occasions, he used a box cutter with a razor blade to do so. Plaintiff stole the Sony Bloggie cameras to support his drug addiction to heroin and cocaine whereby he would trade the stolen merchandise for cocaine and heroin.

After finding empty and discarded packaging from the stolen cameras inside the store on those occasions, Costco loss prevention employees reviewed surveillance video of the store and were able to observe Plaintiff stealing the cameras. Thus, by March 4, 2011, Costco's employees were aware that Plaintiff had stolen merchandise from the store. They were also aware that Plaintiff may have used a sharp object to open and cut the thick plastic packaging on the cameras.

On March 4, 2011, Costco loss prevention employee Miguel Reyes was in the store office, viewing surveillance monitors of the store. Reyes saw Plaintiff and recognized him as the person who had stolen merchandise from the store on the previous days. Reyes alerted other Costco employees about the situation and advised that the suspect might be armed with a sharp

object.

Costco employee Earl Alexander was one of the employees who was alerted about the situation. Alexander, now deceased, had worked for Costco in sales and in loss prevention. On the date of the incident, Alexander was told that Plaintiff was a person who had previously stolen merchandise from the store and was shown video footage of Plaintiff. Reyes asked Alexander to stand by in the vestibule of the store.

After entering the Costco warehouse store on March 4, 2011, Plaintiff first attempted to steal a Sony Bloggie camera, but could not get the camera out of the package even though he was using a box cutter to try and do so.

Due to his inability to remove a Sony Bloggie camera from its packaging, Plaintiff decided to steal a small television, and did so by putting the television in his coat.

Costco employees, via the surveillance monitors, observed Plaintiff conceal the television in his coat. Someone from Costco called the Bloomfield Township Police Department.

Bloomfield Township Police Officers Joseph Monti and Anthony Woycehoski were both on duty on the day of the incident and wearing full police uniforms. Officers Monti and Woycehoski were each dispatched to the Costco store in Bloomfield Hills, Michigan regarding a reported retail fraud in progress.

After he arrived, Officer Monti met with a Costco employee who advised that the suspect (Plaintiff) was still inside the store. Officers Monti and Woycehoski stood outside of the store, waiting for the suspect to exit the store.

Plaintiff admits that before being approached by any Costo employees, he had passed the last point of sale and planned to leave the store. As he left the warehouse, Plaintiff had the 7-

inch portable television concealed in his jacket. Plaintiff also had the box cutter in his pocket.

The incident that occurred when Plaintiff exited the store with the stolen merchandise unfolded very quickly – in just a few minutes.

Plaintiff passed the store greeter as he left the store and proceeded into the store's vestibule.

Costco employee Earl Alexander then approached Plaintiff in the vestibule. Alexander identified himself as "loss prevention" to Plaintiff and asked Plaintiff to stop and come back into the store with him.[1]

Plaintiff did not stop, but rather, attempted to flee. Alexander followed after Plaintiff and grabbed one of his arms. As Plaintiff was fleeing, Plaintiff reached for the open box cutter in his pocket and raised the box cutter. Seeing the raised box cutter, Alexander then defensively grabbed Plaintiff by the coat, pushing Plaintiff away from Alexander, and Plaintiff fell to the concrete floor. As this occurred, the box cutter flew out of Plaintiff's hand and landed on the floor by two women standing nearby. Alexander also fell to the floor. Alexander then held Plaintiff on the floor for a very short period of time, during which Plaintiff yelled "get off me" and attempted to get up and flee.

When Officer Monti and Officer Woycehoski approached the scene, Plaintiff was on the floor with Alexander and some other Costco employees had approached to assist in holding Plaintiff on the ground. The Costco employees, including Alexander, stepped away from Plaintiff, but remained in the area, after the officers arrived.

---

[1] Plaintiff testified that he had previously been stopped by loss prevention personnel when leaving another business with stolen merchandise. Thus, Plaintiff was familiar with such requests.

Plaintiff managed to get on his feet and again attempted to flee. Officer Woycehoski grabbed Plaintiff around the waist and brought Plaintiff into him. Officer Monti then joined in and all three of the men (Plaintiff and the two officers) went down on the concrete floor.

Officers Monti and Woycehoski tried to stop Plaintiff from struggling and take him into custody. Officer Woycehoski yelled, "Police, stop resisting" several times. But Plaintiff continued to struggle and resist the officers.

Officer Monti and Officer Woycehoski ultimately brought Plaintiff under control by force. While the officers were attempting to handcuff him, Plaintiff continued to resist by locking his arms. But the two officers, working together, were able to handcuff Plaintiff despite his resistence.

After he had been handcuffed, Officer Woycehoski observed Plaintiff convulsing and "dry heaving." As a result of his falls to the concrete floor, Plaintiff was also bleeding from a laceration on his face.

Plaintiff's box cutter, that was still open, was found on the floor and taken into evidence by the police.

Plaintiff was arrested but was taken, via ambulance, to the hospital for medical evaluation and treatment. He was released a few hours later, and taken to jail.

As a result of this incident, Plaintiff was charged with armed robbery. Following a jury trial, Plaintiff was convicted of unarmed robbery, in violation of Mich. Comp. Laws § 750.530. *People v. Chorazyczewski*, 2012 WL 4800139 (Mich. App. 2012).

Subsequent to his conviction, Plaintiff filed this diversity action in federal court, alleging assault and battery and negligence claims under Michigan law, both based on the "vicious" and

9

"brutal" attack he allegedly sustained at the hands of Costco employees.

## ANALYSIS AND CONCLUSIONS OF LAW

Upon remand, this Court was instructed to consider whether Plaintiff can maintain this action in light of Michigan statutory law – Mich. Comp. Laws § 600.2955b.

That statute provides that "the court shall dismiss with prejudice a plaintiff's action for an individual's bodily injury" "if the bodily injury or death occurred during" the "individual's commission, or flight from the commission, of a felony." Mich. Comp. Laws § 600.2955b(1)(a). The statute further provides, however, that "[i]f the bodily injury . . described in subsection (1) resulted from force, the court shall not apply subsection (1) to the claim of the particular defendant who caused the injury . . . unless *the court finds* that the particular defendant" "[u]sed a degree of force that a reasonable person would believe to have been appropriate to prevent or respond to the commission of a felony." Mich. Comp. Laws § 600.2955b(2)(b) (emphasis added).

As the statute indicates and the Sixth Circuit noted on appeal, "[i]n a suit of this nature, it is the province of the court – not a jury – to determine whether the force used was reasonable under the circumstances." *Chorazyczewski v. Costco Wholesale Corp.*, 627 F. App'x at 517-18. (Citing Mich. Comp. Laws § 600.2955b(2)(b)).

Moreover, "in making a finding" under Mich. Comp. Laws § 600.2955b(2)(b), "the court shall not consider the fact that the defendant may not have known that the plaintiff's actions or attempted actions would be the commission of a felony."

In this action,[2] Plaintiff seeks to recover for his own bodily injuries that are alleged to have occurred on March 4, 2011. Plaintiff's alleged injuries occurred during Plaintiff's flight from the commission of a felony under Michigan law – unarmed robbery, in violation of Mich. Comp. Laws § 750.530.

Because the bodily injuries Plaintiff claims to have sustained resulted from an incident wherein some force was used by Costco's employees, the Court must determine whether the force used by Costco's employees was reasonable under the circumstances. It was.

Plaintiff was known to have stolen merchandise from the Costco store on two occasions prior to the date of the incident. After observing Plaintiff leave the store with stolen merchandise on March 4, 2011, Alexander identified himself as loss prevention for the store and asked Plaintiff to come back inside the store. When Plaintiff attempted to flee, Alexander followed after Plaintiff and simply grabbed one of his arms. But as Plaintiff was fleeing, Plaintiff escalated the situation by reaching for and raising an open box cutter.

Alexander then defensively grabbed Plaintiff by the coat, pushing Plaintiff away from Alexander, and Plaintiff fell to floor. Alexander then held Plaintiff on the floor for a very short period of time, after which Alexander and the other Costco employees stepped aside and let the uniformed police officers who arrived take over.

Accordingly, having held an evidentiary hearing and considered all relevant evidence

---

[2]The statute reflects, and Plaintiff has conceded, that the same use-of-force analysis governs and applies to both counts in this action. (Pl.'s Br., D.E. No. 52 at Pg ID 568). In addition, in its Motion for Summary Judgment, Costco also asserts that it is entitled to summary judgment on Plaintiff's negligence claim because Plaintiff has no evidence to support that claim. Plaintiff did not respond to that properly-supported challenge and, therefore, that is a separate and additional ground for dismissal of the negligence claim.

presented to the Court, this Court finds that the amount of force used by Costco's employees on the date of the incident, including the force used by Alexander, was reasonable under the circumstances. That is, the Court finds that Alexander and the other Costco employees used a degree of force that a reasonable person would believe to have been appropriate to prevent or respond to Plaintiff's commission of a felony on March 4, 2011. As a result, this Court shall dismiss this action with prejudice, pursuant to Mich. Comp. Laws § 600.2955b(2)(b).

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby DISMISSES THIS ACTION WITH PREJUDICE, pursuant to Mich. Comp. Laws § 600.2955b(2)(b).

IT IS SO ORDERED.

                                                                 S/Sean F. Cox
                                                                 Sean F. Cox
                                                                 United States District Judge

Dated: November 8, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2016, by electronic and/or ordinary mail.

                                                                  S/Jennifer McCoy
                                                                 Case Manager